NOT FOR PUBLICATION                                                                                       CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMPOSITION ROOFERS LOCAL 4 PENSION FUND et al., | : |
| Petitioners, | : Civil Action No. 09-5358 (SRC) |
| v. | : **OPINION & ORDER** |
| BEST ROOFING OF NEW JERSEY, INC., | : |
| Respondent. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on two motions: 1) the motion to confirm the arbitration award by Petitioners Composition Roofers Local 4 Pension Fund, Composition Roofers Local 4 Welfare Fund, Composition Roofers Local 4 Annuity Fund, and Composition Roofers Local 4 Information & Education Fund (collectively, the "Funds"); and 2) the cross-motion to vacate the arbitration award by Respondent Best Roofing of New Jersey, Inc. ("Best"). For the reasons that follow, the motion to confirm the arbitration award will be denied, and the motion to vacate the arbitration award will be granted.

This case concerns a labor dispute that was heard by arbitrator Daniel F. Brent (the "Arbitrator"). On July 2, 2009, the Arbitrator issued a final decision. In the introduction to that decision, the Arbitrator stated:

> Through its attorneys, Best Roofing of New Jersey, Inc. denied being a signatory to a collective bargaining agreement with Roofers Local 4, and thus having incurred any liability to make contributions to the Roofers Local 4 Benefit Funds during the interval in dispute. Best Roofing further asserts that this Arbitrator

> does not have jurisdiction to hear or decide the instant arbitration claim brought by the Composition Roofers Local 4 Funds. According to Best Roofing, any obligations between Best Roofing and Local 4 or the Local 4 Benefit Funds must be determined in the first instance by a court of competent jurisdiction and that the Union or the Funds must initiate litigation seeking a judicial determination that Best Roofing is a signatory to, and thus bound by, the collective bargaining agreement.

(Final Award at 6, Pet. to Vacate Ex. Q.) The Arbitrator rejected Best's arguments in support of its objection to his jurisdiction.[1] (Id. at 13.) The Arbitrator next examined the evidence pertaining to the question of whether Best was a signatory to the collective bargaining agreement and, applying an apparent authority theory, concluded that Janet Soto signed the contract and bound Best. (Id. at 18.) The Arbitrator then conducted the remainder of the arbitration.

On October 20, 2009, the Funds filed a petition and motion to confirm the Arbitrator's award, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Best responded with a cross-motion to vacate the award.

The parties agree that the threshold issue for this Court to decide is whether the Arbitrator was empowered to decide Best's objection to his jurisdiction. Both parties cite as controlling authority Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444 (2006). Best argues that, under Buckeye and existing law, the jurisdictional challenge resolved by the arbitrator is a matter reserved for judicial resolution. The Funds contend that Best has misread Buckeye.

In Buckeye, the Supreme Court distinguished between two types of challenges to the validity of arbitration agreements:

---

[1] The gist of the Arbitrator's rationale for rejecting Best's jurisdictional challenge is that Best needed to pursue its challenge in court and, having failed to do so, Best had waived the right to have a court decide it. (Final Award at 14-15, Pet. to Vacate Ex. Q.) In opposing Best's motion to vacate, the Funds have not argued that the Arbitrator's rationale was correct, and this waiver argument is deemed waived itself.

> Challenges to the validity of arbitration agreements upon such grounds as exist at law or in equity for the revocation of any contract can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.

Id. at 444 (citation omitted). This schema is qualified by the footnote which appears at the end of the quote:

> The issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded. Our opinion today addresses only the former, and does not speak to the issue decided in the cases cited by respondents (and by the Florida Supreme Court), which hold that it is for courts to decide whether the alleged obligor ever signed the contract, Chastain v. Robinson-Humphrey Co., 957 F.2d 851 (CA11 1992), whether the signor lacked authority to commit the alleged principal, Sandvik AB v. Advent Int'l Corp., 220 F.3d 99 (CA3 2000); Sphere Drake Ins. Ltd. v. All American Ins. Co., 256 F.3d 587 (CA7 2001), and whether the signor lacked the mental capacity to assent, Spahr v. Secco, 330 F.3d 1266 (CA10 2003).

Id. at 444 n.1. In applying the two-category scheme from Buckeye to the instant case, the qualification provided by the footnote is crucial: disputes over "whether the alleged obligor ever signed the contract . . . [or] whether the signor lacked authority to commit the alleged principal" are not disputes over contract validity, within the meaning of Buckeye. Rather, they are disputes over whether any agreement was ever concluded, which is an issue for the courts to decide, not the arbitrator. The footnote specifically cites as controlling authority a Third Circuit case, Sandvik.

In Sandvik, one party to an agreement containing an arbitration provision contended "that the agent who signed the agreement on its behalf lacked authority to do so." 220 F.3d at 100. The Third Circuit held that:

3

> [because] under [] the FAA a court must decide whether an agreement to arbitrate exists before it may order arbitration, the District Court was correct in determining that it must decide whether [the agent's] signature bound Advent before it could order arbitration. This is a necessary prerequisite to the court's fulfilling its role of determining whether the dispute is one for an arbitrator to decide under the terms of the arbitration agreement. . . .[T]he language of the FAA affirmatively requires the court to be 'satisfied' that the arbitration agreement's existence is not at issue.

Id. at 107, 109.

Under Sandvik, issues about the arbitration agreement's existence, such as whether one party signed the agreement, are threshold issues for the Court to decide. Because the above-cited footnote in Buckeye makes clear that the Supreme Court excepted disputes over whether any agreement was ever concluded from its two-category schema, the instant dispute is not resolved by the holding of Buckeye but, rather, by the holding of Sandvik: the question of whether Best was a signatory to the arbitration agreement was a threshold issue for the district court, not the arbitrator, to decide.

The Funds argue that this case falls within the scope of the second type of challenge under Buckeye, as Best challenged the validity of the contract as a whole. This is unpersuasive, as the Funds have overlooked the significance of the footnote quoted above in qualifying the holding of Buckeye. This case clearly falls within the exception carved out in the footnote and covered by Sandvik.

This determination compels the conclusion that the Arbitrator exceeded his powers when he overruled Best's objection – that the arbitrator lacked jurisdiction to hear the dispute absent a judicial determination that Best was a signatory to the arbitration agreement – and proceeded. Under the FAA, the determination that the Arbitrator exceeded his powers allows the Court to vacate the award. 9 U.S.C. § 10(a)(4). The motion to confirm the arbitration award will be

denied, the motion to vacate the arbitration award will be granted, and the Arbitrator's award will be vacated.

For these reasons,

**IT IS** on this 14th day of December, 2009,

**ORDERED** that Petitioner's motion to confirm the arbitration award (Docket Entry No. 2) is **DENIED**; and it is further

**ORDERED** that Respondents' cross-motion to vacate the arbitration award (Docket Entry No. 3) is **GRANTED**; and it is further

**ORDERED** that the July 2, 2009 award of the Arbitrator is hereby **VACATED**.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge